STEPHEN R. ROBERTS AND ANOTHER v. LETITIA LANDRUM'S EXECUTOR.

Judgment in 1839; twelve months bond by defendant and a surety in 1840, for the price of property sold to defendant, forfeited; execution issued thereon in 1841; pluries execution thereon enjoined in 1845; same year injunction dissolved except as to a certain amount to be allowed as a credit, and execution ordered for the balance of the judgment of 1839, without statement of the amount; judgment of 1845, revived in 1851, to the effect merely that said judgment of 1845 be revived, and that plaintiff have execution; suit in 1855 on the judgment of 1851, but all the facts stated, as above; held, that the judgment of 1845 was not an independent judgment upon which execution could issue, that its revival in 1851 put the plaintiff in no better condition, and that the judgment of 1839 was barred by limitation; and plaintiff having recovered below, the judgment was reversed and the cause remanded.

Appeal from Washington. Tried below before the Hon. R. E. B. Baylor.

The petition, which was filed September 15th, 1855, by the executor of Letitia Landrum against Stephen R. Roberts and James G. Swisher, alleged that plaintiff recovered a judgment against defendants, on the 15th day of March, 1851, as will appear by reference to the records of your Honor's Court, the said judgment being substantially as follows. Here followed the judgment of that date, as set out in the Opinion. The petition then alleged that the judgment thus revived, as appears from the records of your Honor's Court, is as follows. Here followed

another copy of said judgment of 1845, same as copied in the judgment of 1851. The petition then alleged that the judgment of 1839 was as follows. Here followed a copy of a judgment without date, in favor of Letitia Landrum against J. B. Chance and Stephen R. Roberts, (Chance as security,) for $379 23 principal and $53 21 interest due thereon. The petition then alleged that owing to an omission of the Clerk, there was a failure to state the amounts in the judgments of 1845 and 1851, and the petition stated the amount for which each judgment should have been rendered. He further alleges that through the inadvertence of the Clerk in entering up said last named judgment (of 1851) your petitioner is described as administrator, whereas he should have been described as executor of the estate of Letitia Landrum, deceased. He alleges that the said judgment is wholly unsatisfied and unpaid to this day, and that by reason thereof the said defendants became liable to pay to your petitioner the above last named amount of four hundred and seventy $\frac{46}{100}$ dollars with interest thereon at the rate of eight per cent. per annum from the 28th day of November, 1845. Failure to pay, and damage at $1500 alleged, to recover which this suit was brought. Prayer, &c., and for general relief.

Defendants filed a general demurrer, and for special cause assigned that it did not appear which judgment plaintiff sought to revive. Also denied that there was any such judgment; pleaded payment; and the statute of limitations of ten years.

The Court sustained the demurrer; whereupon plaintiff amended, alleging that upon the judgment of 1839 execution was duly issued and levied upon certain land belonging to Roberts, which being offered for sale, failed to bring two-thirds of its appraised value, and was then sold on twelve months' credit, and was purchased by said Roberts, with defendant Swisher as the surety on his said execution bond; that execution being thereon issued was enjoined by Roberts and Swisher, and upon said injunction suit the second judgment of 1845 was rendered; and for further amendment, that execution was issued upon the judgment of 1851, but that the said judgment was so defective that the execution was quashed on motion. After this amendment the demurrer was overruled; whereupon came a jury, &c.; verdict and judgment for plaintiff for $934 29. Motion for new trial overruled.

It appeared from the statement of facts, that plaintiff gave in evidence the judgment of 1839 as already stated; the twelve

months' bond of Roberts and Swisher, dated Oct. 6th, 1840, for $559 21, the amount for which the land levied on by virtue of execution on said judgment, was bid off by said Roberts; indorsed forfeited; the execution issued thereon, Nov. 4, 1841, reciting all the previous proceedings against Roberts and Swisher; the record, proceedings and papers and judgment in the injunction suit filed July 9th, 1845, to enjoin a pluries execution on said forfeited bond, in which suit Roberts and Swisher were plaintiffs and Letitia Landrum defendant; the sureties in the injunction bond were Thomas P. Shapard, William R. Allen and Thomas Waddell. The plaintiff then introduced a copy of the proceedings in the suit to revive said judgment of 1845; the petition was filed in 1849, set out the judgment of 1845 at length, and prayed a revival thereof and execution; defendants demurred and denied all and singular; plaintiff then sought to amend said judgment of 1845 by making it read that plaintiff have and recover, &c., a certain amount, &c., and to have it revived as thus amended; defendants excepted to this, and the exception was sustained; final judgment in said cause in 1851, as copied in the Opinion; execution issued thereon 12th August, 1852, for $346 77 and interest at five per cent. from March 3d, 1839, and $29 costs; quashed on motion Sept. 23, 1852. This was all the evidence. The instructions of the Court were favorable to the defendants, if it could be said there was anything in the evidence for a jury to try.

*J. D. & D. C. Giddings* and *A. J. Hamilton*, for appellants.

*Bassett & Bassett*, for appellee.

ROBERTS, J. This is an action of debt upon the following judgment, rendered by the District Court of Washington county on the 15th day of March, 1851, to wit:—

"JOHN LANDRUM, ADMINISTRATOR, &C.,
v.
STEPHEN R. ROBERTS & JAMES G. SWISHER.

This day came the parties by their attorneys and waive a trial by jury, and it appearing to the Court that on the 28th day of November, A. D. 1845, the plaintiff recovered a judgment against defendants as follows:—

'ROBERTS & SWISHER ⎫
v. ⎬ Injunction.
LETITIA LANDRUM. ⎭

Be it remembered, that on the hearing of the defendant's motion in this case, his Honor thought proper to order that the bill of complainants be dismissed, as having been improperly granted by the Judge of the Sixth Judicial District, without a sufficient showing of the absence of the Judge of the Third Judicial District. But on motion his Honor thought proper to order an injunction to issue restraining the defendant from collecting the sum of seventy-seven dollars and interest thereon at the rate of five per cent. since the year 1837, and that said defendant have his execution at law for the balance of said judgment rendered at the March Term, 1839, of the Washington District Court, with the interest thereon to this time, at the rate of five per cent. per annum, from the            and the Clerk of this            be and he is hereby directed to revise the bill of costs due by said defendant in said original case and issue execution as at law ; and said bill for anything further be dismissed at the costs of complainants.'

It is therefore considered that the above judgment be revived, and that the plaintiff recover of the defendants their costs in this behalf expended, and that they have their execution."

The judgment of 1845, here revived, was rendered upon the determination of a bill of injunction filed by Roberts & Swisher to restrain an execution which had issued upon a forfeited twelve months bond, before that time entered into by them, upon the sale of a tract of land levied on as the property of Roberts, to satisfy a judgment rendered against Chance and Roberts in the Washington District Court in 1839, and which is the original judgment referred to in the above quoted entry.

In this bill of injunction, which was thus dismissed, Roberts and Swisher complained, among other things, that they were entitled to a credit, for money paid on this debt, of seventy-seven dollars with interest, and that the Sheriff had included in this twelve months bond extravagant and illegal charges, and that the bond itself was a nullity, because no sale of the land really ever took place.

Although the Court dismissed the bill, it thought proper to restrain the original judgment, which was rendered in 1839, to the extent of seventy-seven dollars, as complained of, and directed

the Clerk to revise the bill of costs, for the purpose, doubtless, of relieving against the complaint of extravagant and illegal charges included by the Sheriff in the bond, and ordered execution to issue for the balance of the judgment of 1839. This entry does not mention the bond, which was the main subject of complaint. It neither sets it aside for irregularity, nor pronounces in its favor as a valid statutory judgment; but it disregards it, and passes behind it to modify and regulate the collection of the original judgment of 1839.

In ordering the execution to issue on the balance of the judgment of 1839, (after deducting $77 and revising the bill of costs,) the Court could not have intended that the execution thus ordered would be issued against Roberts and Swisher, for that judgment was against Roberts and Chance; and to have included Swisher with the others in the execution, a judgment must have been rendered, founded on his liability in the twelve months bond. It was not the object of the Court to render such judgment, as it is plainly manifested by the terms of the entry, nor was it designed to render an independent judgment against any one except against Roberts and Swisher for the costs of the injunction suit. It was designed to qualify and regulate the manner of collecting the original judgment of 1839. If this entry had been intended, not as auxiliary to and explanatory of the judgment of 1839, but as an independent judgment, upon which an execution should issue for the amount due, why, it may be asked, did not the Court give judgment for that balance, naming it, against Roberts and Swisher, and the sureties on their injunction bond, Shapard, Allen and Waddell.

This conclusion is aided by the fact that after this judgment of 1845 was revived in 1851, and at the same Term, the plaintiff sought to accomplish what this suit seeks, by amending it so as to insert in it a clause of recovery, with a specific amount, in conformity to the judgment of 1839, and which amendment was disallowed by the Court. Enough has been said to show that the Court did not design this entry to be a judgment for the amount due either on the forfeited bond or on the original judgment of 1839, upon which execution should issue for it.

If, however, such had been the intention of the Court, the entry is too uncertain and indefinite to accomplish that object; because, 1st, there is no amount specified; 2d, there is no reference to papers of record in the injunction suit by which the amount could be fixed, and there are blanks which leave unde-

termined what amount of interest was intended to be given; and 3d, the Clerk could not issue execution on it without reference to other records. (Early v. Moore, 4 Mumf. 262; Boykin v. The State, 3 Yerg. 426; Berry v. Anderson, 2 Humph. 649.) Hence the Court below quashed an execution issued on it.

The judgment of 1845, revived by that of 1851, is not such a judgment as to entitle plaintiff to a recovery of anything, unless it be for the costs of the injunction suit.

The judgment of 1839 is liable to the bar of ten years limitation, which was pleaded by defendants below.

The view here taken of the case renders it unnecessary to review the various errors assigned.

The judgment, being rendered for the balance due on the judgment of 1839, is contrary to the law and evidence in the case, and will therefore be reversed, and the cause remanded.

Reversed and remanded.